# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

COREY HINES, et al., )
          Plaintiff, )
vs. ) CIVIL NO. 09-cv-157-MJR
JERRY DEVORE, et al., )
          Defendants. )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Eleven inmates joined in filing this action. After the Court advised them of the pitfalls of multi-inmate litigation (*see* Doc. 16), six of them have sought to withdraw from this action. Their motions to withdraw (Docs. 18, 19, 20, 23, 24, 25) are **GRANTED**; Plaintiffs **WILLIAMS, FIELDING, HATFIELD, SALAICES, COOK** and **DOTSON** are **DISMISSED** from this action without prejudice.

Mail sent to Plaintiffs **HERNANDEZ** and **EVERETT** was returned to the Clerk as undeliverable (*see* Docs. 21, 22). Because they have not submitted a change-of-address to the Clerk, the Court construes this lack of communication as disinterest in this lawsuit. Accordingly, these two plaintiffs are also **DISMISSED** from this action without prejudice.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991).

The substance of the complaint is brief and vague. Plaintiffs first state that "custody personnel are conducting health care services; don't provide notice of applicable law and do not provide any legal services for pre-trial detainees." Even giving this statement the most liberal construction possible, Plaintiffs have failed to state a claim against any defendant.

Plaintiffs' second statement is just as generalized: "Subjected to inimical living conditions

via inadequate heating, cold meals." Again, Plaintiffs have failed to state a claim against any defendant.

Their final claim is more specific: they allege that the Center's water system shut down on February 5, 2009, thus tainting the water supply. As a result, the facility was on a boil order for two days, and there was no clean water provided for showering or shaving. Moreover, inmates were provided with four pitchers of water and one bottled water for drinking.

Although the conditions described by Plaintiffs were not ideal, it is clear that they were subjected to these conditions for just two days. "The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985). Lapses from minimum standards of sanitation may be excusable where such conditions are temporary and affect only a few individuals. *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994); *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988). Thus, Plaintiffs have failed to state a claim upon which relief may be granted.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Each Plaintiff (Hines, Cooper, and Hendijani) is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are now **MOOT**.

**IT IS SO ORDERED.**

**DATED this 4th day of June, 2009.**

                                             **s/ Michael J. Reagan**
                                             **MICHAEL J. REAGAN**
                                             **United States District Judge**